FILED

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

12 MAR 12 AM 9:17

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

| | |
|---|---|
| HILDA L. SOLIS, ) <br> Secretary of Labor, ) <br> United States Department of Labor, ) <br>  ) <br> Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> FRANCHISE EQUITY GROUP, INC., D/B/A ) <br> MACSUB ENTERPRISES, INC.; MACSUB II, ) <br> INC; MACSUB III, INC.; MACSUB IV, INC.; ) <br>  MACSUB VI, INC.; MACSUB VII, INC.; ) <br> MACSUB VIII, INC.; MACSUB IX, INC.; ) <br> MACSUB X, INC.; MACSUB XI, INC.; ) <br> MACSUB XII, INC.; MACSUB XIV, INC.; ) <br> MACSUB XV, INC.; MACSUB XVI, INC.; ) <br> MACSUB XVII, INC.; MACSUB XVIII, INC.; ) <br> MACSUB XIX, INC.; MACSUB XX, INC.; ) <br> MACSUB XXII, INC.; MACSUB XXIII, INC.; ) <br> MACSUB XXV, INC.; MACSUB XXVI, INC.; ) <br>  MACSUB XXVII, INC.; MACSUB XXVIII, INC.;) <br> MACSUB XXIX, INC.; MACSUB XXX, INC.; ) <br> MACSUB XXXI, INC.; GREAT LAKES ) <br> MANAGEMENT, CORP.; and PPM ) <br> HOLDINGS, LLC; ) <br>  ) <br>  ) <br> Defendants. ) | C.A. __-cv-_____ <br><br> 8:12-CV-527-T-26EAJ <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> **COMPLAINT** <br> **(Injunctive Relief Sought)** |

Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action pursuant to § 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter the "Act", to have Defendants Franchise Equity Group, Inc., d/b/a MacSub Enterprises, Inc. ("MacSub Enterprises"), Great Lakes Management, Corp. ("GLM"), and twenty-seven independently-incorporated restaurants [MACSUB II, INC; MACSUB III, INC.; MACSUB IV, INC.; MACSUB VI,

INC.; MACSUB VII, INC.; MACSUB VIII, INC.; MACSUB IX, INC.; MACSUB X, INC.; MACSUB XI, INC.; MACSUB XII, INC.; MACSUB XIV, INC.; MACSUB XV, INC.; MACSUB XVI, INC.; MACSUB XVII, INC.; MACSUB XVIII, INC.; MACSUB XIX, INC.; MACSUB XX, INC.; MACSUB XXII, INC.; MACSUB XXIII, INC.; MACSUB XXV, INC.; MACSUB XXVI, INC.; MACSUB XXVII, INC.; MACSUB XXVIII, INC.; MACSUB XXIX, INC.; MACSUB XXX, INC.; MACSUB XXXI, INC.; and PPM HOLDINGS, LLC (hereinafter referred to collectively as "MacSub Entities")], enjoined from violating the provisions of §§ 6 and 11 of the Act; and, pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), to recover unpaid minimum wages, together with an equal amount of liquidated damages.

I

This Court has jurisdiction over this action pursuant to §§ 16(c) and 17 of the Act and 28 U.S.C. §§ 1331 and 1345.

II

Defendant MacSub Enterprises, at all times hereinafter mentioned, has been a corporation having a place of business at 630 Chestnut Street, Clearwater, Florida 33756, and doing business in Pinellas County, Florida.

Defendant GLM, at all times hereinafter mentioned, has been a corporation having a place of business at 630 Chestnut Street, Clearwater, Florida 33756, and doing business in Pinellas County, Florida.

The following twenty-seven Defendants, hereinafter referred to collectively as the "MacSub Entities," operate Subway restaurants with a principal place of business at the following address:

(1) MACSUB II, INC., 30543 US Hwy 19 North, Palm Harbor, Florida, 34684;

(2) MACSUB III, INC., 1998 Alt. 19 South, Tarpon Springs, FL, 34689;

(3) MACSUB IV, INC., 7099 66th Street, Pinellas Park, FL, 33781;

(4) MACSUB VI, INC., 11180 66th Street, Largo, FL, 33773;

(5) MACSUB VII, INC., 4002 Orient Road, Tampa, FL 33610;

(6) MACSUB VIII, INC., 8625 Citrus Park Drive, Tampa, FL 33625;

(7) MACSUB IX, INC., 2006 Drew Street, Clearwater, FL 33765;

(8) MACSUB X, INC., 1444-A Belcher Road South, Clearwater, FL 33764;

(9) MACSUB XI, INC., 13664 Walsingham Road, Largo, FL 33774;

(10) MACSUB XII, INC., 696 S. Gulf View Blvd., Clearwater, FL 34630;

(11) MACSUB XIV, INC., 1702-A N. 50th Street, Tampa, FL 33619;

(12) MACSUB XV, INC., 9511 Anderson Rd., Tampa, FL 33634;

(13) MACSUB XVI, INC., 18415 US Highway 19 North, Clearwater, FL 33764;

(14) MACSUB XVII, INC., 898 49th Street North, St. Petersburg, FL 33710;

(15) MACSUB XVIII, INC., 25 Dr. MLK Jr. St. South, St. Petersburg, FL 33705;

(16) MACSUB XIX, INC., One Progress Plaza, #150, St. Petersburg, FL 33701;

(17) MACSUB XX, INC., 11148 Starkey Road, Suite C, Largo, FL 33773;

(18) MACSUB XXII, INC., 956 62nd Ave. North, St. Petersburg, FL 33702;

(19) MACSUB XXIII, INC., 4745 22nd Avenue South, St. Petersburg, FL 33711;

(20) MACSUB XXV, INC., 148 Alt 19 South, Palm Harbor, FL 34683;

(21) MACSUB XXVI, INC., 2264 Tyrone Sq., VC-03, St. Petersburg, FL 33710;

(22) MACSUB XXVII, INC., 10399 Gulf Blvd, Treasure Island, FL 33706;

(23) MACSUB XXVIII, INC., 6123 S. Tamiami Trail, Sarasota, FL 34231;

(24) MACSUB XXIX, INC., 5901 Gulf Blvd., St. Pete Beach, FL 33706;

(25) MACSUB XXX, INC., 1938 US Hwy 19, Holiday, FL 34691;

(26) MACSUB XXXI, INC., 8451 S. Tamiami Trail, Sarasota, FL 34238;

(27) PPM HOLDINGS, LLC, 2223 N. Westshore Blvd., FC-206, Tampa, FL 33607.

### III

At all times hereinafter mentioned:

A. Defendants engaged in related activities performed either through unified operation or common control for a common business purpose, constitute an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and

B. Such enterprise, which employed employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce and had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

IV

Defendants repeatedly violated the provisions of §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and Regulations found at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed in the aforesaid Regulations.

V

Defendants repeatedly violated the provisions of §§ 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay employees employed in an enterprise engaged in commerce or in the production of goods for commerce, the applicable minimum hourly rate.

VI

WHEREFORE, cause having been shown, Plaintiff prays for Judgment:

A. Pursuant to § 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendants, their agents, servants, employees and all persons in active concert or participation with them from violating the provisions of §§ 6 and 11 of the Act;

B. Pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), awarding back wages for a period of 2 years prior to the commencement of this action and an additional equal amount as liquidated damages to employees (as named in Appendix "A" attached hereto and made a part hereof and such other employees as hereafter may be identified and named prior to or at trial);

C. And for such other and further relief as may be necessary and appropriate including costs of this action.

Respectfully submitted this 9th day of March, 2012.

ADDRESS:

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA 30303

Telephone:
(404) 302-5489
(404) 302-5438 (FAX)
Email:
chastain.lydia.j@dol.gov
ATL.FEDCOURT@dol.gov

SOL Case No. 12-10113

M. PATRICIA SMITH
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

ROBERT L. WALTER
Counsel

By: *Lydia J. Chastain* (signature)
LYDIA J. CHASTAIN
Attorney

Office of the Solicitor
U. S. Department of Labor
Attorneys for Plaintiff.